# Illinois Official Reports

## Appellate Court

<div style="border:1px solid">

### *In re Marriage of Solomon*, 2015 IL App (1st) 133048

</div>

| | |
|---|---|
| Appellate Court Caption | *In re* MARRIAGE of IREN SOLOMON, Petitioner-Appellant, and RALPH SOLOMON, Respondent-Appellee (Provident Hospital of Cook County, the County of Cook, Third-Party Respondent-Appellee). |
| District & No. | First District, Third Division<br>Docket No. 1-13-3048 |
| Filed | March 11, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 06-D-4568; the Hon. Leida Santiago, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Matthew C. Arnoux, of Birnbaum, Haddon, Gelfman & Arnoux, LLC, of Chicago, for appellant.<br><br>Anita M. Alvarez, State's Attorney, of Chicago (Daniel F. Gallagher and Marie D. Spicuzza, Assistant State's Attorneys, of counsel), for appellee Provident Hospital of Cook County. |

Panel                 JUSTICE HYMAN delivered the judgment of the court, with opinion. Justice Lavin specially concurred, with opinion, joined by Justice Mason.

**OPINION**

¶ 1       This appeal concerns the penalty provision in section 35 of the Income Withholding for Support Act (Withholding Act) (750 ILCS 28/35 (West 2010)), for the employer's failure to properly administer child support payments withheld from its employee's wages. As part of a marriage dissolution judgment, Ralph Solomon's employer, third-party respondent, Provident Hospital of Cook County, was ordered to deduct and pay the designated amount from Ralph's paychecks as provided in the Withholding Act. After Provident failed to timely process two child support payments, Iren Solomon filed a complaint against Provident, seeking "to determine and collect" a statutory penalty of $100-per-day for a "knowing" violation. The trial court denied her petition finding "the mistake was not a knowing violation."

¶ 2       Iren claims the trial court erred because Provident failed to withhold proper child support on more than one occasion, had notice of its failure, and did not rebut the statutory presumption that it did so "knowingly." We affirm, finding that although Provident is subject to the requirements of section 35 of the Withholding Act, it did not knowingly violate the Act and, therefore, the statutory penalty was not warranted.

¶ 3                                  BACKGROUND

¶ 4       Iren and Ralph Solomon divorced on June 25, 2010. Ralph was ordered to pay $2,200 per month in child support ($1,015.38 biweekly). Ralph worked at Provident during the entire proceedings and always has been paid biweekly. A uniform order for support and notice to withhold income directed the withholding of $1,015.38 every two weeks from Ralph's pay for his child support obligation.

¶ 5       Provident's wage garnishment processor, Deirdre Williams, received and processed the Solomon notice to withhold. Williams' position requires that she accurately process child support orders and other garnishments for hospital employees. Williams, who has worked in this position for 28 years, testified she is familiar with notices to withhold income and that she has processed hundreds of similar orders. When she receives a notice to withhold, she always checks to see how the employee is paid–monthly, bimonthly or biweekly. Williams acknowledged there was an exact calculation of the amount that was to be withheld on the second page of the notice to withhold, and she knew Ralph was paid biweekly. (Throughout the pendency of divorce, Provident withheld Ralph's pay every two weeks under a temporary support order.)

¶ 6       Williams testified that when an employee is paid bimonthly, rather than biweekly, she enters a code into Provident's system which directs that the withholdings are to come out of only the employee's first two pay checks should a given month consist of three pay dates.

Williams testified that after she received the Solomon notice to withhold, she "probably" put the bimonthly code in the system; a clerical error.

¶ 7　　In June 2010, Ralph received three paychecks and child support was withheld from all three. Provident was withdrawing child support on a biweekly basis for Ralph. In August 2010, Provident withheld $1,100 from Ralph's paycheck. Ralph contacted Provident and explained that because he was paid biweekly, the amount should have been $1,015.38. Ralph provided Williams with a copy of the support order and notice to withhold. Williams testified the support order was in Provident's system and that she knew Ralph was paid biweekly. Williams testified that when an employee disputes a withholding, she goes back and checks the support order and notice to withhold to see if the employee has a legitimate complaint. Williams testified that in response to Ralph's inquiry, she corrected the withdrawal amount in Provident's system, but must not have corrected the bimonthly code.

¶ 8　　Though Williams testified she made a clerical error and entered the code for bimonthly withdrawal, rather than biweekly withdrawal, she did not provide any evidentiary documents confirming her testimony. Williams did, however, offer a note she wrote to Provident's attorney after this lawsuit was filed, which showed what the code would look like if she had set up a bimonthly, rather than biweekly, withdrawal. The document was a printed form which provided space for a computer code, but no code was noted. When employees are paid biweekly, no code is entered into Provident's system for withholdings. The exhibits Provident offered showed the correct withholding amount and that the withholding was to occur biweekly, with no code having been entered to change the withholding from biweekly to bimonthly.

¶ 9　　Iren argues the evidence at the hearing shows that no code was actually entered to change the withholding pay cycle for Ralph from biweekly to bimonthly and, therefore, Provident's failure to timely pay her the child support was knowing. Iren contends Provident's exhibits contradicted Williams' testimony that she input a code.

¶ 10　　On June 29, 2011, no child support was deducted from Ralph's third paycheck of the month. On August 2, 2011, Iren's attorney contacted Williams and questioned why child support was not withheld from Ralph's third check. Williams admitted that the money had not been withheld and questioned whether that was correct. During the same conversation, Williams informed Iren's attorney that Provident did not withhold child support from Ralph's third check in December 2010. Two days after this conversation, Williams sent a check to the State Disbursement Unit for $3,046.14, the amount of the two missed child support payments. Williams testified the withholdings of the incorrect amounts had been a "mistake."

¶ 11　　On October 24, 2011, Iren filed her petition seeking to hold Provident responsible for "knowingly" failing to pay child support on more than one occasion, seeking the $100-per-day penalty. She argued that because Provident failed to withhold income from Ralph's paychecks on two separate occasions after Ralph had informed Williams of the error, this triggered the presumption that the failure to withhold was a "knowing failure" under section 35 of the Withholding Act. 750 ILCS 28/35 (West 2010).

¶ 12　　Instead of having child support deducted from 26 paychecks, Ralph only had it deducted from 24 paychecks. No withholdings were made from the paychecks dated December 29, 2010, and June 29, 2011. December 2010 and June 2011 were months with three pay periods, so a bimonthly coded order would not deduct child support from the third paycheck of those months.

¶ 13    Following the hearing, the court denied Iren's petition to determine and collect the statutory penalty under section 35 of the Withholding Act finding Provident's failures had been a "mistake."

¶ 14                                   ANALYSIS

¶ 15    Section 35 of the Withholding Act provides for a $100-per-day penalty to be assessed for each violation of the Act. 750 ILCS 28/35 (West 2010). " 'A separate violation occurs each time an employer knowingly fails to remit an amount that it has withheld from an employee's paycheck.' " *In re Marriage of Miller*, 227 Ill. 2d 185, 194 (2007) (quoting *Grams v. Autozone, Inc.*, 319 Ill. App. 3d 567, 571 (2001)). Iren claims she went 232 days without proper child support payments. The parties agree that Provident satisfied the arrearage in child support payments and, therefore, the only dispute is whether the statutory penalty can be assessed for Provident's noncompliance with the Solomon support order. Iren argues the two errors created a statutory presumption that Provident knowingly failed to process the payments and Provident failed to offer sufficient evidence to rebut that presumption.

¶ 16                              Standard of Review

¶ 17    Iren contends that in denying her petition, the court did not properly apply the legal presumption provided in section 35 of the Withholding Act. She argues the trial court "effectively ignored and/or misapplied the legal presumption that Provident's failure to withhold was a knowing violation (based upon two separate failures to withhold)." She asks that we review this matter under a clear and convincing standard and find the State failed to rebut the presumption.

¶ 18    The interpretation of a statute is a question of law, which we review *de novo*. See *Ryan v. Board of Trustees of the General Assembly Retirement System*, 236 Ill. 2d 315, 319 (2010). When interpreting the language of a statute, our primary goal "is to ascertain and give effect to the intent of the legislature." *Id.* The plain language of the statute best indicates the legislature's intent, and if that language is "clear and unambiguous, we will enforce it as written and will not read into it exceptions, conditions, or limitations that the legislature did not express." *Id.*

¶ 19    As a reviewing court, we will not disturb the trial court's findings of fact unless they are against the manifest weight of the evidence. *In re Marriage of Chen*, 354 Ill. App. 3d 1004, 1011 (2004); see also *Thomas v. Diener*, 351 Ill. App. 3d 645, 652 (2004) ("standard of review is twofold"–*de novo* review of the legal effects of undisputed facts, whereas the trial court's findings of fact are reviewed "to ensure they are supported by the evidence and are not against the manifest weight of the evidence"). The issue before us is whether the trial court's finding–that the evidence was sufficient to overcome the presumption that the failure to withhold was a knowing violation–was contrary to the manifest weight of the evidence. *In re Estate of Pawlinski*, 407 Ill. App. 3d 957, 964 (2011) (only issue raised in the appeal was whether the trial court's finding–that the evidence was not sufficient to overcome the strong presumption of undue influence–was contrary to the manifest weight of the evidence); see also *In re Estate of Miller*, 334 Ill. App. 3d 692, 699 (2002) (trial court's finding that evidence is insufficient to overcome presumption of undue influence will be reversed on appeal only if it is against the manifest weight of the evidence (citing *Klaskin v. Klepak*, 126 Ill. 2d 376, 389

(1989))). We decline petitioner's invitation to review this matter under the higher clear and convincing standard of review.

¶ 20                                    Tort Immunity Act

¶ 21    Provident argues, for the first time on appeal, that the trial court properly denied Iren's petition because section 2-102 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/2-102 (West 2010)) grants Provident Hospital immunity from the penalty provided in section 35 of the Withholding Act for its failure to properly process child support payments, citing a case decided after this appeal was filed, *In re Marriage of Murray*, 2014 IL App (2d) 121253, ¶ 48, *appeal denied*, No. 117955 (Ill. Sept. 24, 2014) (reversed trial court's imposition of section 35 penalty on employer, a county conservative district, for employer's payroll service's failure to process five child support payments).

¶ 22    We recognize that the Tort Immunity Act provides an affirmative defense, which may be waived if not raised. *Henrich v. Libertyville High School*, 186 Ill. 2d 381, 387-88 (1998) (citing *Martin v. Chicago Housing Authority*, 264 Ill. App. 3d 1063, 1075 (1994)). We note, however, that Illinois courts routinely discuss issues that have been waived. See *American National Bank & Trust Co. v. City of Chicago*, 192 Ill. 2d 274, 280-81 (2000) (our supreme court addressed the applicability of the Tort Immunity Act where the defendants failed to raise the defense before the trial court but argued the point before the appellate court in support of the trial court's favorable ruling); see also *Doe-3 v. McLean County Unit District No. 5 Board of Directors*, 2012 IL 112479, ¶ 43 (majority opinion briefly discusses the possible application of section 2-210 of the Tort Immunity Act even though the issue was only mentioned in a footnote in one of the briefs and not raised as an affirmative defense by the defendants in their motion to dismiss before the trial court). The Supreme Court of the United States has stated that whether, and how, an appellate court applies the principles of waiver to deny review of an argument or issue is governed by "no general rule," but instead, is left "primarily to the discretion of the courts of appeals, to be exercised on the facts of individual cases." *Singleton v. Wulff*, 428 U.S. 106, 121 (1976).

¶ 23    Our analysis on this issue is *dicta*. Every decision contains *dicta*; it is inherent in the appellate process. Taking the opportunity to explore an issue involving a question that our colleagues in the Second District decided, while not affecting the outcome here, may be useful in future cases.

¶ 24    Section 2-102 of the Tort Immunity Act provides that "[n]otwithstanding any other provision of law, a local public entity is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party." 745 ILCS 10/2-102 (West 2010). As a matter of first impression, the court in *In re Marriage of Murray* held, "Section 2-102 of the Tort Immunity Act and section 35 of the Withholding Act can be read together harmoniously." *In re Marriage of Murray*, 2014 IL App (2d) 121253, ¶ 48. The Second District found the policy prohibiting punitive damages against a governmental entity also prohibits the type of claims petitioner brings in this case. *Id.* ¶ 55. The *Murray* court found it significant that "[a]part from encouraging utilization of the remedy for an employer's failure to follow a withholding order, the obvious purpose of allowing plaintiffs *** to recover $100 per day for each knowing violation of section 35 is to punish violators like the [defendant] and to discourage future violations." *In re Marriage of Murray*, 2014 IL App (2d) 121253, ¶ 47.

The court explained, "[a]ctual damages recoverable under section 35 are intended to make the plaintiff whole, but the $100-per-day penalty serves to increase the award beyond the merely compensatory." *Id.* The court concluded the statutory penalty as provided in section 35 "is not remedial and presupposes a punitive purpose." *Id.*

¶ 25    The *Murray* court held that if the legislature intended to deny governmental entities immunity for claims provided for in section 35 of the Withholding Act, it "could have explicitly stated so." *Id.* ¶ 49. The court declined to read a limitation into section 2-102 of the Tort Immunity Act or "disregard the phrase 'notwithstanding any other provision of law' contained therein." *Id.*

¶ 26    Applying the holding of *Murray*, Provident, as a Cook County Hospital, is a local public entity under the Tort Immunity Act and, therefore, would be exempt from the punitive penalty provision of section 35 of the Withholding Act. 745 ILCS 10/1-206 (West 2010). We disagree with our colleagues in the Second District and, therefore, decline to apply *Murray* to the facts before us. The petitioner is correct that the penalty provided for in section 35 of the Withholding Act is not punitive. The Second District in *In re Marriage of Chen*, 354 Ill. App. 3d 1004, 1022 (2004), properly classified the penalty as "a statutory penalty rather than an award of punitive damages." The court went on to explain:

> "Stated simply, the concerns over the imprecise manner in which punitive damages systems are administered are not present here. Unlike the inherent uncertainty associated with punitive damages, section 35 of the [Withholding] Act provides employers with exact notice of the $100-per-day penalty they will face for failing to comply with a support order. Indeed, employers receive personal notice of their duties to withhold and pay over income, as well as the penalty for failing to do so, through service of the income withholding order." *Id.*

¶ 27    The *Chen* court distinguished common-law punitive damages, which are uncertain, from a section 35 statutory penalty, which is set at $100 per day, within the context of a due process claim. *Id*. The *Chen* court relied on this distinction to hold the due process scrutiny afforded common-law punitive damage awards did not apply to a section 35 penalty. *Id.*

¶ 28    Iren argues the strong public policy concerns behind the creation of section 35 of the Withholding Act do not support the *Murray* decision. She further argues that under the plain language of the Withholding Act, governmental agencies constitute "payors" of income and, therefore, they must also be subject to the statutory penalty. Under the Withholding Act, "payor" is defined as "any payor of income to an obligor." 750 ILCS 28/15(g) (West 2010). The definition of "income" encompasses any form of periodic payment made by federal and state governmental entities, including any entity created by Public Act. 750 ILCS 28/15(d) (West 2010).

¶ 29    We agree with Iren that the legislature's adoption of the penalty provision in section 35 of the Withholding Act was intended to ensure employer compliance with the statute. We also recognize the harm suffered by custodial parents and their children when child support payments are not timely received. We find, however, this case hinges on the fact that although a governmental entity is immune from liability in its performance of discretionary tasks under the Tort Immunity Act, it cannot claim immunity for the improper performance of ministerial tasks. *In re Chicago Flood Litigation*, 176 Ill. 2d 179, 193-94 (1997). Our supreme court explained the difference:

" 'Official action is judicial where it is the result of judgment or discretion. Official duty is ministerial, when it is absolute, certain and imperative, involving merely the execution of a set task, and when the law which imposes it, prescribes and defines the time, mode and occasion of its performance with such certainty, that nothing remains for judgment or discretion.' " *Chicago Flood*, 176 Ill. 2d at 194 (quoting *City of Chicago v. Seben*, 165 Ill. 371, 378 (1897)).

¶ 30     The task of processing a support order is ministerial. Williams testified that when she receives a notice to withhold, she always checks to see how the employee is paid–monthly, bimonthly or biweekly. Williams testified that when an employee is paid bimonthly, rather than biweekly, she enters a code into Provident's system which directs that the withholdings are only to come out of the employee's first two paychecks during any given month. Williams' testimony shows that in her role as a wage garnishment processor she follows a set procedure with no room for discretionary decisions in processing a notice to withhold and comply with a court's support order. Accordingly, under the Tort Immunity Act, Provident enjoys no immunity for its actions, which are not discretionary.

¶ 31                                 Proof of Knowing Violation

¶ 32     Lastly, we hold petitioner failed to prove a knowing violation by Provident that would entitle her to the statutory penalty under section 35 of the Withholding Act. The trial court correctly determined that Provident rebutted the statutory presumption with sufficient evidence that it did not knowingly fail to withhold the two missing child support payments from Iren.

¶ 33     Williams testified she complied with the notice to withhold but mistakenly entered the withholdings as bimonthly, instead of biweekly. Williams' clerical error caused the child support payments not to be deducted from Ralph's third paycheck of the month in December 2010 and June 2011. Williams did not realize her error until she was contacted by petitioner's counsel on August 2, 2011, about Provident's failure to withhold support payments from Ralph's third paycheck in June. At that time, Williams realized that a coding error caused the missed payment and must have also caused a missed payment in December 2010 because those are the only two months in the calendar year with three paychecks. Williams testified at the hearing, that while speaking with petitioner's attorney, she stated, "Well, if we missed the one in June"–"June 29th, let me look back to see if we missed December because the same thing should have happened in December." Provident rectified the error and paid the missing child support to Iren within two days of being notified.

¶ 34     The trial court found Williams' explanation credible. She stated that she did not know of the error until August 2, 2011, and then immediately rectified it. The trial court found the evidence sufficient to overcome the presumption that Provident's failure to withhold was a knowing violation. Our review of the record indicates the statutory presumption was overcome. The trial court's conclusion that Provident did not knowingly fail to withhold the support payments owed to petitioner is not against the manifest weight of the evidence and, therefore, must be upheld.

¶ 35     A section 35 penalty is not supported by either the intent of the legislature, the language of the statute, or the evidence presented. Illinois case law makes clear that penalties provided for by section 35 of the Withholding Act should only be imposed on those employers who purposely disregard a court's support order. See *In re Marriage of Miller*, 227 Ill. 2d 185

(2007) (statutory penalty upheld where employer failed to forward support payments on 15 occasions); *In re Marriage of Gulla*, 234 Ill. 2d 414 (2009) (statutory penalty upheld where employer did not begin withholding support payments until almost one year after notice to withhold issued); *Thomas v. Diener*, 351 Ill. App. 3d 645 (2004) (Fourth District imposed no penalty where employer's "oversight" resulted in one week of missed child support payments); *In re Marriage of Chen*, 354 Ill. App. 3d 1004 (2004) (Second District reversed trial court, found noncompliance warranted penalty where employer disregarded notice to withhold for 5½ months). The trial court properly found Provident's failure to comply with the support order was an unintentional and honest mistake and not a knowing violation. Accordingly, we affirm the trial court's order denying Iren's petition for statutory penalties.

¶ 36        Affirmed.

¶ 37        JUSTICE LAVIN, specially concurring.

¶ 38        I concur with the result reached by Justice Hyman in that petitioner failed to prove a knowing violation of the Withholding Act. I write separately, however, because I do not join in the discussion of the Tort Immunity Act. As the opinion acknowledges, it is well settled that the Tort Immunity Act is an affirmative defense, which may be forfeited. *Henrich v. Libertyville High School*, 186 Ill. 2d 381, 387-88 (1998); *Mazin v. Chicago White Sox, Ltd.*, 358 Ill. App. 3d 856, 860 (2005). As the opinion also states, Provident raises the Tort Immunity Act for the first time on appeal, and consequently, this contention is forfeited. Moreover, in light of our dispositive determination regarding the Withholding Act, any discussion of the Tort Immunity Act constitutes nonbinding *dicta*. While forfeiture is on occasion overlooked by reviewing courts, I am not persuaded that the circumstances before us justify overlooking forfeiture in this instance. Accordingly, I abstain from that discussion.

¶ 39        JUSTICE MASON joins in this special concurrence.