# Illinois Official Reports

## Appellate Court

---

### *Martinez v. Cook County Sheriff's Office*, 2017 IL App (3d) 160514

---

| | |
|---|---|
| Appellate Court Caption | DENISE J. MARTINEZ, Plaintiff-Appellant, v. THE COOK COUNTY SHERIFF'S OFFICE and COOK COUNTY, ILLINOIS, Defendants-Appellees. |
| District & No. | Third District<br>Docket No. 3-16-0514 |
| Filed | October 6, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 16-L-19; the Hon. John C. Anderson, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Anne M. Riegle, of Naperville, for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Paul L. Fangman, Assistant State's Attorney, of counsel), for appellees. |
| Panel | JUSTICE CARTER delivered the judgment of the court, with opinion. Presiding Justice Holdridge and Justice Wright concurred in the judgment and opinion. |

**OPINION**

¶ 1        Plaintiff, Denise J. Martinez, brought an action under the Income Withholding for Support Act (Withholding Act) (750 ILCS 28/35 (West 2014)) against defendants, the Cook County sheriff's office and Cook County, to obtain a money judgment of over $50,000 for defendants' failure to withhold approximately $1600 in maintenance from plaintiff's ex-husband's paychecks. Defendants filed a section 2-619(a)(9) (735 ILCS 5/2-619(a)(9) (West 2014)) motion to dismiss the complaint, alleging that plaintiff was not entitled to the money judgment requested because (1) the failure to withhold maintenance was the result of an innocent mistake on the part of one of defendants' employees and was not knowingly done and (2) the claim for a money judgment was barred by the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/2-102 (West 2014)). After a hearing, the trial court agreed with defendants' contentions and granted defendants' motion to dismiss. Plaintiff appeals. We affirm the trial court's judgment.

¶ 2                                        FACTS

¶ 3        Plaintiff was married to Salomon Martinez. Salomon was employed by Cook County and worked for the sheriff's office. Plaintiff and Salomon were divorced in May 2014. Pursuant to the judgment for dissolution of marriage that was entered, Salomon was ordered to pay child support for the parties' two minor children and maintenance of $500 per month.

¶ 4        In May 2015, an amended support order was entered, terminating the child support payments but continuing the maintenance payment of $500 per month. The maintenance payment was to be automatically deducted from Salomon's paycheck by his employer and sent directly to the Illinois State Disbursement Unit.

¶ 5        In June 2015, Salomon faxed a notice of the change in withholding to the Cook County comptroller's office. The notice consisted of several pages. The first page of the notice was a fax coversheet from Salomon, indicating that the documents he was sending to the comptroller were in regard to "[t]ermination of child support." The second page of the notice was a letter from Salomon's attorney, stating that Salomon's child support payments had been terminated by the court in May 2015 (the May 2015 court date) and directing the comptroller's office to "cease any current withholdings." The third page of the notice was a one-page court order, which had been entered on the May 2015 court date. The text of the order was hand-printed and continued the underlying case to a date in June 2015 for a status hearing on plaintiff's petition for postjudgment relief. The fourth and fifth pages of the notice were a two-page court order that had also been entered on the May 2015 court date. The text of the order was handwritten in cursive, was somewhat difficult to read, and stated, among other things, that child support for the two children was terminated. The order made no mention of Salomon's maintenance obligation. The sixth through eleventh pages of the notice were an amended income withholding order for support from the same May 2015 court date. The order indicated that the amount to be withheld from Salomon's paychecks for spousal maintenance was $500 per month ($230.77 biweekly) and that the child support for the two children had been terminated.

¶ 6        The faxed notice was received by comptroller wage garnishment clerk Laura Murray. Murray promptly acted upon the information and terminated the withholding from Salomon's paycheck for child support. In addition, however, Murray erroneously terminated the withholding from Salomon's paycheck for spousal maintenance. As a result of the error,

plaintiff did not receive her spousal maintenance payments for the following seven dates in 2015: June 5, June 19, July 3, July 17, July 31, August 14, and August 28.

¶ 7    Toward the end of August 2015, plaintiff's attorney faxed a letter to the Cook County sheriff's office to notify them that plaintiff had not been receiving her spousal maintenance payments and that the attorney had filed a petition for rule to show cause in the underlying case. A copy of the amended income withholding order from the May 2015 court date was attached to the letter. The letter was apparently forwarded to the comptroller's office and was received by the comptroller's office shortly thereafter in September 2015.

¶ 8    Upon receiving the letter from the plaintiff's attorney, comptroller clerk Murray promptly corrected the error that she had made and immediately reinstated the withholding from Salomon's paycheck for monthly spousal maintenance. The withholding went into effect as of the next pay period. Salomon later paid to plaintiff the entire amount of spousal maintenance that the comptroller's office had failed to withhold from his paychecks.

¶ 9    In January 2016, plaintiff filed the instant action against defendants, alleging that defendants had knowingly failed to withhold the seven monthly maintenance payments and seeking the assessment of a statutory penalty against defendants of over $50,000 under section 35(a) of the Withholding Act (see 750 ILCS 28/35(a) (West 2014) (providing for the imposition of a $100-per-day penalty on any payor who knowingly fails to follow a withholding order)).

¶ 10   In April 2016, defendants filed a section 2-619(a)(9) motion to dismiss the complaint, alleging that dismissal was warranted because defendants had not knowingly violated the statute and because plaintiff's claim was barred by the Tort Immunity Act. Attached to the motion were various supporting documents, including (1) the faxed notice that the comptroller's office had received from Salomon and his attorney in June 2015, (2) the faxed letter that the comptroller's office had received from plaintiff's attorney in September 2015, and (3) an affidavit of comptroller clerk Laura Murray. In her affidavit, Murray attested to many of the facts set forth above. In addition to those facts and in explanation of how the error occurred, Murray stated further in her affidavit that as she reviewed the notice from Salomon and his attorney (1) she read on the cover page that the notice pertained to termination of child support, (2) she read the letter from Salomon's attorney on the second page of the notice, which stated that Salomon's obligation to pay child support was terminated by the May 2015 court order and specifically requested that Murray "cease any current withholdings", (3) she reviewed the court orders contained in the notice, (4) on the one court order, which was handwritten (in cursive) and difficult to read, she underlined the phrase "terminated," (5) she stopped reviewing the notice at that point because she had come across the court order that Salomon and his attorney had both mentioned in the first two pages of the notice, and (6) she then changed the withholding amount for Salomon's paycheck to zero. Murray also stated that (1) as soon as she received notice of the error from plaintiff's attorney, she corrected the error, (2) the failure to withhold spousal maintenance was the result of a mistake and was not intentional, and (3) she reviewed and acted on the June 2015 notice to the best of her abilities, given the clear direction by Salomon's attorney to "cease all withholdings," which was supported by the cover page and the handwritten court order.

¶ 11   Plaintiff filed a response and opposed the motion to dismiss, and defendants filed a reply to that response. In July 2016, a hearing was held on the motion. After listening to the arguments of the attorneys, the trial court took the motion under advisement. The trial court later issued a

written order granting defendants' section 2-619(a)(9) motion to dismiss "for the reasons asserted in the motion itself," and adopting "the rationale [and] arguments of the [defendants]." Plaintiff appealed.

¶ 12                                                    ANALYSIS

¶ 13          On appeal, plaintiff argues that the trial court erred in granting defendants' section 2-619 motion to dismiss plaintiff's complaint for money judgment (for the assessment of a section 35 statutory penalty against defendants). Plaintiff asserts that the motion to dismiss should not have been granted because (1) defendants' claim that the violation of the Withholding Act was not knowingly done was merely a negation of one of the elements of a violation of the statute and was not a proper affirmative matter to warrant dismissal under section 2-619(a)(9), (2) defendants failed to show that no set of facts could be proved that would entitle plaintiff to recover, as defendants were required to show to obtain a section 2-619 dismissal, (3) several material questions of fact existed, which should have prevented defendants from prevailing on their section 2-619 motion to dismiss, (4) Murray's affidavit, which merely set forth the evidence that defendants would expect to present to contest the facts alleged in the plaintiff's complaint (to show that the failure to withhold was not knowingly done) was insufficient to support a dismissal under section 2-619(a)(9), and (5) the Tort Immunity Act should not apply in this case to shield defendants from liability for the assessment of a statutory penalty under section 35 of the Withholding Act, since the task performed by Murray was not "official" or "discretionary" in nature, Murray's conduct in failing to carefully review the documents that she had received constituted willful and wanton conduct, the penalty under section 35 of the Withholding Act is not punitive in nature, and there are several important public policy reasons for not applying the Tort Immunity Act in this context. For all the reasons stated, plaintiff asks that we reverse the trial court's order granting defendants' section 2-619 motion to dismiss the plaintiff's complaint for money judgment and that we remand this case for further proceedings.

¶ 14          Defendants argue that the trial court's ruling was proper and should be upheld. In support of that argument, defendants assert that (1) plaintiff did not state a claim for the assessment of a penalty against defendants under section 35 of the Withholding Act, since plaintiff did not (and could not) establish that a knowing failure to withhold maintenance had occurred, (2) although the evidence in this case gave rise to the statutory presumption of a knowing failure to withhold maintenance, defendants rebutted that presumption with Murray's affidavit and showed that defendants had not knowingly failed to withhold maintenance, (3) the failure to withhold maintenance in this case was not knowingly or intentionally done but, rather, was the result of an unintentional and honest mistake, which occurred due to the multiple and conflicting documents that Murray had received from plaintiff's ex-husband and his attorney and the direction that Murray had received from plaintiff's ex-husband's attorney to "cease any current withholdings", (4) Murray acted promptly upon the notice that she had received from plaintiff's ex-husband and his attorney to change the withholding initially and, upon receiving notice from plaintiff of the mistake, acted promptly to correct it, (5) case law supports the trial court's conclusion that a statutory penalty under section 35 of the Withholding Act is not warranted in a situation, such as this, where the employer did not knowingly violate the Withholding Act, (6) no person interpreting the facts in this case could reasonably conclude that the actions of Murray constituted a purposeful disregard of the trial court's withholding order, (7) Murray's affidavit and the supporting documents do not contest any facts in the

- 4 -

plaintiff's complaint but, instead, provide additional sworn testimony and documentary evidence to rebut the statutory presumption of a knowing failure to withhold maintenance, (8) defendants' claim that the violation was not knowingly done and the evidence presented in support of that claim were entirely appropriate and justify the trial court's dismissal of the complaint under section 2-619(a)(9), (9) Murray was a public employee, not a public official, and was not involved in policymaking or the exercise of discretion, and plaintiff's assertions of that nature should be disregarded, since defendants never claimed that immunity applied on that basis, (10) the assessment of a section 35 statutory penalty is punitive in nature, and the imposition of such a penalty against a public entity is barred by the Tort Immunity Act, (11) plaintiff's characterization of Murray's conduct as willful and wanton is misplaced and legally groundless and was asserted by plaintiff primarily to get around a possible defense that defendants have never asserted, and (12) although plaintiff claims that questions of material fact remain, there is no dispute as to the documents that Murray received in the June 2015 faxed notice. For all of the reasons stated, defendants ask that we affirm the trial court's grant of defendants' section 2-619 motion to dismiss plaintiff's complaint for money judgment.

¶ 15 Section 2-619 of the Code of Civil Procedure allows a litigant to obtain an involuntary dismissal of an action or claim based upon certain defects or defenses. See 735 ILCS 5/2-619 (West 2014). The statute's purpose is to provide litigants with a method for disposing of issues of law and easily proven issues of fact early in a case, often before discovery has been conducted. See *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 367 (2003); *Advocate Health & Hospitals Corp. v. Bank One, N.A.*, 348 Ill. App. 3d 755, 759 (2004). In a section 2-619 proceeding, the moving party admits the legal sufficiency of the complaint, but asserts an affirmative defense or other matter to defeat the nonmoving party's claim. *Van Meter*, 207 Ill. 2d at 367. Section 2-619 lists several different grounds for which an involuntary dismissal may be granted. See 735 ILCS 5/2-619(a)(1) to (a)(9) (West 2014). Under subsection (a)(9), the subsection that applies in this case, a litigant may obtain an involuntary dismissal of a claim asserted against him if the claim is barred by other affirmative matter, which avoids the legal effect of or defeats the claim. 735 ILCS 5/2-619(a)(9) (West 2014). An "affirmative matter" is something in the nature of a defense that negates the cause of action completely. *Van Meter*, 207 Ill. 2d at 367. In ruling upon a section 2-619 motion to dismiss, the court must construe all of the pleadings and supporting documents in the light most favorable to the nonmoving party. *Id.* at 367-68. On appeal, a dismissal pursuant to section 2-619 is reviewed *de novo*. *Id.* at 368. When *de novo* review applies, the appellate court performs the same analysis that the trial court would perform. *Direct Auto Insurance Co. v. Beltran*, 2013 IL App (1st) 121128, ¶ 43. A trial court's grant of a motion to dismiss a complaint may be affirmed on any basis supported by the record. *Board of Trustees of Community College, District No. 508 v. Coopers & Lybrand LLP*, 296 Ill. App. 3d 538, 543 (1998).

¶ 16 I. Application of Section 2-102 of the Tort Immunity Act

¶ 17 In ruling on this appeal, we will address first whether section 2-102 of the Tort Immunity Act bars the imposition of a statutory penalty against defendants under section 35 of the Withholding Act because that determination completely resolves this appeal. In making that determination, for the sake of argument, we will assume that defendants' failure to withhold the designated amount from Salomon's paychecks was done knowingly. With that assumption in place, we consider the relevant statutory provisions.

¶ 18        Section 35 of the Withholding Act provides for the imposition of a $100-per-day penalty on any payor who knowingly fails to follow a withholding order. See 750 ILCS 28/35(a) (West 2014). The purpose of the penalty provision is to punish parties that violate the Withholding Act and to discourage future violations. See *In re Marriage of Murray*, 2014 IL App (2d) 121253, ¶ 47. The failure of a payor, on more than one occasion, to remit the amount withheld to the State Disbursement Unit within seven business days after the date the amount would have been paid or credited to the obligor creates a rebuttable presumption that the payor knowingly failed to pay over the amounts. See 750 ILCS 28/35(a) (West 2014); *In re Marriage of Solomon*, 2015 IL App (1st) 133048, ¶ 32. A separate violation of the Withholding Act occurs each time a payor knowingly fails to withhold the amount designated in the income withholding notice or fails to remit the amount withheld, and a statutory penalty under section 35 is to be assessed for each violation. *Murray*, 2014 IL App (2d) 121253, ¶ 16. The statutory penalty per violation, however, may not exceed $10,000. 750 ILCS 28/35(a) (West 2014). The section 35 statutory penalty may be collected by the recipient by bringing a civil action against the payor. See *id.*; *Murray*, 2014 IL App (2d) 121253, ¶ 15.

¶ 19        The Tort Immunity Act's purpose is to protect local public entities and public employees from liability arising from the operation of government. 745 ILCS 10/1-101.1 (West 2014); *Murray*, 2014 IL App (2d) 121253, ¶ 36. "By providing immunity, the legislature sought to prevent public funds from being diverted from their intended purpose to the payment of damages claims." *Murray*, 2014 IL App (2d) 121253, ¶ 36. In keeping with that legislative goal, section 2-102 of the Tort Immunity Act provides that:

> "Notwithstanding any other provision of law, a local public entity is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party. In addition, no public official is liable to pay punitive or exemplary damages in any action arising out of an act or omission made by the public official while serving in an official executive, legislative, quasi-legislative or quasi-judicial capacity, brought directly or indirectly against him by the injured party or a third party." 745 ILCS 10/2-102 (West 2014).

Thus, under section 2-102, punitive damages may generally not be assessed against a local public entity, such as the county in the instant case (although plaintiff sued both the sheriff's office and the county, the county is the actual payor and is the true party defendant in this case). See 745 ILCS 10/1-206, 2-102 (West 2014). Punitive damages are not awarded as compensation but, rather, serve to punish the offender and to deter the offender and others from committing similar acts of wrongdoing in the future. *Murray*, 2014 IL App (2d) 121253, ¶ 45 (citing *Paulson v. County of De Kalb*, 268 Ill. App. 3d 78, 80 (1994)).

¶ 20        To our knowledge, there are only a few Illinois appellate court cases that have determined whether the statutory penalty under section 35 of the Withholding Act constitutes punitive damages for the purposes of the Tort Immunity Act. In the *Murray* case, cited above, the Second District of the Appellate Court found that the section 35 statutory penalty was punitive in nature and constituted punitive damages. *Id.* ¶ 47. The *Murray* court noted that the obvious purpose of allowing a plaintiff to recover the $100-per-day penalty for each knowing violation was to punish parties that violated the Withholding Act and to discourage future violations. *Id.* The *Murray* court commented that while actual damages recoverable under section 35 were intended to make the plaintiff whole again, the $100-per-day penalty served to increase the award beyond merely compensation. *Id.* Finding that the section 35 statutory penalty

constituted punitive damages, the *Murray* court went on to conclude that section 2-102 of the Tort Immunity Act and section 35 of the Withholding Act could be read together harmoniously and that, pursuant to section 2-102 of the Tort Immunity Act, a section 35 statutory penalty could not be assessed against a local public entity. *Id.* ¶¶ 48, 54-55. In reaching that conclusion, the *Murray* court stated further that it would not disregard the phrase, "notwithstanding any other provision of law," contained in section 2-102 of the Tort Immunity Act; that it was declining to read a limitation into section 2-102 that the legislature did not set forth in the statute; and that if the legislature had intended to deny governmental entities immunity for claims provided for in section 35 of the Withholding Act, the legislature could have explicitly stated as much. *Id.* ¶ 49. In addition, the *Murray* court distinguished an earlier ruling that the Second District Appellate Court had made in *In re Marriage of Chen*, 354 Ill. App. 3d 1004, 1022 (2004), in which the Second District declined to apply the due process criteria used for common law punitive damage claims to a statutory penalty assessed against an employer under section 35 of the Withholding Act and stated that the case before it involved a statutory penalty, rather than an award of punitive damages. *Murray*, 2014 IL App (2d) 121253, ¶¶ 51-53. Commenting on the decision in *Chen*, the *Murray* court stated that the fact that the amount of common law punitive damages was uncertain and the amount of the section 35 statutory penalty was definite did not render the former punitive and the latter compensatory for the purposes of section 2-102 of the Tort Immunity Act; rather, the overall character of both was punitive. *Id.* ¶ 53.

¶ 21 Another Illinois Appellate Court case that determined whether the section 35 statutory penalty constituted punitive damages is the *Solomon* case, cited above. See *Solomon*, 2015 IL App (1st) 133048, ¶ 26. In *Solomon*, the First District Appellate Court disagreed with the Second District's conclusion in *Murray* and stated that the section 35 statutory penalty did not constitute punitive damages. *Id.* In reaching that conclusion, the *Solomon* court cited the statement made by the Second District Appellate Court in the earlier case of *Chen*, that the section 35 penalty was a statutory penalty and not an award of punitive damages. *Id.* The *Solomon* court went on to find, however, that section 2-102 immunity did not apply in that case because the defendant's actions were ministerial in nature and not discretionary. *Id.* ¶ 30. Nevertheless, the *Solomon* court upheld the trial court's refusal to impose a section 35 statutory penalty because the defendant's failure to comply with the support order in that case resulted from an unintentional and honest mistake and not a knowing violation. *Id.* ¶¶ 34-35.

¶ 22 Having reviewed *Murray*, *Solomon*, and *Chen*, we find the reasoning in *Murray* to be the most persuasive on this issue. The purpose of the section 35 statutory penalty is clearly to punish those who violate the Withholding Act and to deter future violations—not to compensate the recipient of support for the payments that he or she did not receive. See *Murray*, 2014 IL App (2d) 121253, ¶ 47. We must conclude, therefore, as the *Murray* court did, that the section 35 statutory penalty constitutes punitive damages for the purposes of section 2-102 of the Tort Immunity Act. See *id.*; see also *Paulson*, 268 Ill. App. 3d at 83 (reaching a similar conclusion as to a portion of a treble damages provision under a different statute). It follows, then, that defendants have immunity under section 2-102 of the Tort Immunity Act from the section 35 statutory penalty in this case. See 745 ILCS 10/1-206, 2-102 (West 2014); *Murray*, 2014 IL App (2d) 121253, ¶¶ 54-55. The trial court, therefore, properly granted defendants' section 2-619 motion to dismiss plaintiff's complaint for a money judgment as the money judgment was barred by section 2-102 of the Tort Immunity Act. See

745 ILCS 10/1-206, 2-102 (West 2014); *Murray*, 2014 IL App (2d) 121253, ¶¶ 54-55; *Abruzzo v. City of Park Ridge*, 231 Ill. 2d 324, 331-32 (2008) (recognizing that immunity under the Tort Immunity Act is a proper basis for a section 2-619(a)(9) dismissal).

¶ 23 In reaching that conclusion, we must take a moment to comment upon some of the assertions to the contrary made by plaintiff in this appeal. From a statutory interpretation standpoint, neither statute at issue in this case (section 35 and section 2-102) is ambiguous, and we agree with the *Murray* court that the two statutes can be read together harmoniously, especially in light of the prefatory "notwithstanding any other provision of law" language in section 2-102. See *Murray*, 2014 IL App (2d) 121253, ¶ 48. Thus, there is no reason for us to weigh the different policy interests supporting each statute or to determine which policy interests should be deemed more important.

¶ 24 In addition, we believe that plaintiff's assertions regarding whether the wage garnishment clerk's actions were done in an official capacity, whether the clerk's conduct was discretionary or ministerial in nature, and whether the clerk's actions constituted willful and wanton conduct are misplaced. Section 35 of the Withholding Act allows the recipient to bring a civil action against the payor to try to obtain the assessment of the statutory penalty for knowingly failing to withhold or remit support. 750 ILCS 28/35(a) (West 2014). The payor in this case is Cook County, a local public entity for the purposes of the Tort Immunity Act. See 745 ILCS 10/1-206 (West 2014). Defendants asserted in a section 2-619(a)(9) motion to dismiss local public entity immunity under section 2-102 of the Tort Immunity Act as other affirmative matter that defeats plaintiff's claim for a section 35 statutory penalty. Although the factual circumstances in this case involve the conduct of a public employee, who is a wage garnishment clerk for the county comptroller's office, this case does not involve a suit brought against that public employee or any public official, as they are not the payor of support. Defendants, therefore, did not assert public official or public employee immunity as other affirmative matter defeating plaintiff's claim as there was no reason for them to do so. Thus, questions as to whether the wage garnishment clerk's actions were made while serving in an official capacity, whether they were discretionary or ministerial, or whether they constituted willful and wanton conduct have no relevance to our determination here. See, *e.g.*, *District No. 508*, 296 Ill. App. 3d at 544 (stating that the critical question to consider when application of the doctrine of public official immunity is asserted is whether the official's or employee's conduct was discretionary or merely ministerial).

¶ 25 II. Other Assertions Made by the Parties

¶ 26 Because we have determined that plaintiff's claim for the assessment of a section 35 statutory penalty against defendants was barred by section 2-102 of the Tort Immunity Act and that defendants' section 2-619(a)(9) motion to dismiss was properly granted on that basis, we need not address the other assertions made by the parties in support of their arguments on appeal. Most notably, we do not decide, and take no position on, the question of whether the failure to withhold maintenance in this case was done knowingly for purposes of the section 35 statutory penalty or the question of whether the lack of a knowing violation may properly be raised as other affirmative matter in a section 2-619(a)(9) motion to dismiss.

¶ 27                        CONCLUSION

¶ 28         For the foregoing reasons, we affirm the judgment of the circuit court of Will County.

¶ 29         Affirmed.