AZEEM AHSAN, Plaintiff-Appellant, v. EAGLE, INC., Defendant-Appellee.

Third District   No. 3—96—0593

Opinion filed March 31, 1997.

Richard P. Broderick, of Wilmette, for appellant.

Mary Kay Scott and Jane E. Reames, both of Brenner & Moltzen, Ltd., of Chicago, for appellee.

PRESIDING JUSTICE LYTTON delivered the opinion of the court:

Plaintiff tenant, Azeem Ahsan, brought suit alleging breach of contract, breach of covenant of quiet enjoyment and constructive eviction. Defendant landlord, Eagle, Inc., filed a motion to dismiss pursuant to section 2—615 of the Illinois Code of Civil Procedure (735 ILCS 5/2—615 (West 1994)), claiming plaintiff's amended complaint failed to allege facts that would entitle plaintiff to recovery. The trial judge granted defendant's motion, and plaintiff appealed. We reverse and remand.

A complaint should be dismissed under section 2—615 of the Illinois Code of Civil Procedure (735 ILCS 5/2—615 (West 1994)) only when it clearly appears that no set of facts could be proved under the pleadings that would entitle plaintiff to relief. *Lagen v. Balcor Co.*, 274 Ill. App. 3d 11, 16, 653 N.E.2d 968, 972 (1995). Factual allegations within the complaint are to be interpreted in the light most favorable to plaintiff. *Suarez v. Pierard*, 278 Ill. App. 3d 767, 769, 663 N.E.2d 1039, 1041 (1996). On appeal from a trial court order dismissing a case pursuant to section 2—615, this court conducts *de novo* review. *Suarez*, 278 Ill. App. 3d at 769, 663 N.E.2d at 1041.

Plaintiff's amended complaint alleges that he and defendant were parties to a written lease for the premises located at 15 East Cass Street in Joliet, Illinois. After the lease expired, the parties entered into a month-to-month tenancy that lasted until February 28, 1990. During the term of the tenancy, plaintiff paid rent and followed the conditions of the lease. Also during the tenancy, the roof began to leak. Defendant promised to repair the leak but failed to do so. Eventually the building was condemned by the City of Joliet, and plaintiff was forced to move. As a proximate result of defendant's acts and omissions, plaintiff claims a loss of revenue and other damages.

Defendant agrees with plaintiff that the terms of the written

lease govern the rights and obligations of the parties after its expiration. However, defendant contends that, under the terms of the agreement: plaintiff leased the premises located at 15 East Cass Street; Illinois common law imposes no duty on a commercial landlord to effect repairs to demised premises; the lease affirmatively required plaintiff to make all necessary repairs to the premises; and plaintiff failed to assert the requisite facts in support of his claim that defendant entered into a binding oral agreement to make the repairs.

Plaintiff argues that dismissal was improper because a genuine issue of material fact existed as to the amount of property demised under the lease, *i.e.*, whether the lease demised the entire premises located at 15 East Cass Street.

■ We hold that the trial judge erred in dismissing plaintiff's amended complaint. The principal objective in construing a contract is to determine and give effect to the intention of the parties at the time they entered into the contract. *USG Corp. v. Sterling Plumbing Group, Inc.*, 247 Ill. App. 3d 316, 318, 617 N.E.2d 69, 70 (1993). The "four corners" rule states that if a contract is clear on its face, no evidence outside the contract may be considered. *Home Insurance Co. v. Chicago & Northwestern Transportation Co.*, 56 F.3d 763, 767 (7th Cir. 1995). Whether any ambiguity exists is a question of law to be determined by the court. *Meyer v. Marilyn Miglin, Inc.*, 273 Ill. App. 3d 882, 888, 652 N.E.2d 1233, 1237 (1995).

In recent years, however, courts have come to disfavor the strict application of the "four corners" rule and the limitation on the use of parol evidence. See *Meyer v. Marilyn Miglin*, 273 Ill. App. 3d 882, 652 N.E.2d 1233; *In re Keene Corp.*, 188 B.R. 881, 895-96 (1995), citing *AM International, Inc. v. Graphic Management Associates, Inc.*, 44 F.3d 572, 575 (7th Cir. 1995). Specifically, the "four corners" rule has two flaws: it assumes precision in language that cannot exist, and it requires the judge to determine the true intent of the parties in a transaction that is removed in time and circumstance. *URS Corp. v. Ash*, 101 Ill. App. 3d 229, 234, 427 N.E.2d 1295, 1299 (1981). " 'The meaning of words cannot be ascertained in a vacuum.' " *URS Corp.*, 101 Ill. App. 3d at 234, 427 N.E.2d at 1299, quoting *Ortman v. Stanray Corp.*, 437 F.2d 231, 234 (7th Cir. 1971).

■ We join the current trend in Illinois law that allows a court to consider parol evidence *provisionally* to determine if an agreement that appears to be clear on its face is actually ambiguous. See *Meyer*, 273 Ill. App. 3d at 889, 652 N.E.2d at 1238. This extrinsic ambiguity exists when someone who knows the context of the contract would know if the contract actually means something other than what it seems to mean. *Home Insurance*, 56 F.3d at 768. A party that asserts

extrinsic ambiguity is entitled to present to the court objective evidence, *i.e.*, evidence that cannot be faked and can be supplied by disinterested third parties. *Home Insurance*, 56 F.3d at 768. If, after screening the objective evidence, the court concludes that ambiguity exists as a matter of law, the parties will be permitted to present evidence of their intent to the trier of fact. *Home Insurance*, 56 F.3d at 768.

Here, plaintiff alleged the existence of facts that preclude dismissal. The amended complaint claims that, prior to leasing the building to plaintiff, defendant gave a tour of the building that only included the first floor of 15 East Cass Street. After signing the lease, plaintiff had access to the first floor, but never had access to the second floor or roof. Plaintiff has claimed that the leakage was in a part of the premises for which plaintiff had no access, and defendant agreed to fix the problem.

Viewing these allegations in the light most favorable to plaintiff, we find that there is ambiguity as to whether the lease demised all of the premises or only a portion of the premises. This ambiguity precludes dismissal because it appears that a set of facts could be proved that would entitle plaintiff to relief.

The judgment of the circuit court of Will County is reversed and this cause is remanded for further proceedings.

Reversed and remanded.

BRESLIN and HOMER, JJ., concur.