2025 IL App (1st) 240242-U

No. 1-24-0242

Order filed October 14, 2025

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | Nos. 86 CR 16071 |
| v. | ) | 86 CR 11368 |
| | ) | |
| IRVING RAMEY, | ) | Honorable |
| | ) | Ursula Walowski, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE VAN TINE delivered the judgment of the court.
Justices McBride and Ellis concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm the dismissal of defendant's section 2-1401 petition seeking relief from his conviction for murder because he forfeited his claim that the State and the trial court violated his statutory right to a speedy trial during pretrial proceedings between 1986 and 1989.

¶ 2    Defendant Irving Ramey appeals from the circuit court's dismissal of his petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2020)). Defendant contends that his section 2-1401 petition stated a claim that the State and

the trial court violated his right to a speedy trial in his 1986 murder case. For the following reasons, we affirm.

¶ 3                                 I. BACKGROUND

¶ 4     This appeal arises from a murder case that is almost 40 years old, so the procedural history is lengthy. For brevity, we set out only the facts that are relevant to this appeal.

¶ 5     This appeal concerns Illinois' speedy trial statute, which provides that "[e]very person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he or she was taken into custody unless delay is occasioned by the defendant." Ill. Rev. Stat. 1985, ch. 38, par. 103-5.[1] "Delay shall be considered to be agreed to by the defendant unless he or she objects to the delay by making a written demand for trial or an oral demand for trial on the record." *Id.* Put simply, the speedy trial term begins when the defendant enters custody and ends 120 days later, but is tolled whenever the defendant causes, contributes to, or agrees to a delay. *People v. Mayfield*, 2023 IL 128092, ¶ 20. If an incarcerated defendant is not tried within the 120-day term, he is entitled to release from custody and dismissal of the charges against him. *Id.* ¶ 19.

¶ 6                       A. Trial, Direct Appeal, and Resentencing

¶ 7     In 1986, the State charged defendant in case number 86 CR 16071 with first degree murder arising out of the fatal stabbing of Derrick Wilkinson on August 1, 1986.[2] Following a jury trial in late March and early April 1989, defendant was found guilty of murder and sentenced to death.

---

[1] The speedy trial statute is now designated as 725 ILCS 5/103-5 (West 2024).

[2] The other case number that appears in the caption, 86 CR 11368, involved an unrelated murder defendant committed on August 22, 1986. *People v. Ramey*, 152 Ill. 2d 41, 47 (1992). Defendant was tried and convicted separately in that case. *Id.* The two cases' procedural histories have been intertwined, but only case number 86 CR 16071 is relevant to this appeal.

¶ 8 Because he was sentenced to death, defendant appealed directly to the Illinois Supreme Court pursuant to article VI, section 4(b) of the Illinois Constitution (Ill. Const. 1970, art. VI, § 4(b)). *People v. Ramey*, 151 Ill. 2d 498, 510 (1992). Relevant here, defendant argued that his trial counsel rendered ineffective assistance by failing to seek dismissal of the charges because defendant was held in custody for 824 days total, of which 168 days were not attributable to defendant, thereby violating the speedy trial statute. Defendant identified 12 separate periods of delay between December 20, 1986, and January 25, 1989, totaling 168 days, and he explained why each period of delay was not attributable to him.

¶ 9 The supreme court rejected defendant's ineffective assistance claim, finding that "counsel's failure to move for the discharge of his client was a sound strategic decision and not incompetence." *Id.* at 523. In doing so, the court relied on transcripts of three pretrial hearings. The transcripts showed that on October 6, 1988, defendant stated that he wanted to demand trial but acquiesced to his counsel agreeing with the State's request for a continuance. *Id.* at 524. On January 4, 1989, trial counsel explained that he had strategic reasons for not demanding trial as defendant wished. *Id.* at 524-25. On January 11, 1989, trial counsel and the State agreed to continue the case to January 25, 1989. *Id.* at 525. After reviewing these transcripts, the supreme court concluded that trial "counsel's strategy was to continue the case and not demand trial. Under these circumstances, counsel's conduct cannot be considered to be incompetent." *Id.* The supreme court affirmed defendant's convictions but vacated his death sentence and remanded for resentencing. *Id.* at 559.

¶ 10 B. Postconviction Petition, Appeal, and Retrial

¶ 11    While defendant was awaiting resentencing, he filed a *pro se* petition pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 1996)). Relevant here, defendant alleged that counsel on direct appeal was ineffective for failing to properly argue defendant's claim of ineffective assistance of *trial* counsel premised on the alleged speedy trial violation. Defendant interpreted the supreme court's decision as holding him responsible for three periods of delay—the three transcripts the court's opinion referenced—totaling 53 days and deducting those 53 days from the 168 days of delay attributable to the State. That left only 115 days of delay attributable to the State, which did not violate the speedy trial statute.[3] Defendant argued that he would have prevailed on direct appeal if appellate counsel had argued that 191 days, rather than 168 days, of delay were attributable to the State. According to defendant, the additional 23 days of delay that appellate counsel should have included occurred between December 31, 1986, and January 23, 1987. Had appellate counsel included those days, then, even if the supreme court deducted 53 days of delay attributable to defendant, that would still leave 138 days attributable to the State in violation of the speedy trial statute.

¶ 12    The trial court dismissed defendant's postconviction petition and defendant appealed. This court affirmed, finding that defendant's "ineffective assistance of counsel claim [was] essentially a rephrasing of the infective assistance of counsel claim that he made on direct appeal" and was therefore barred by *res judicata*. *People v. Ramey*, case no. 1-97-3817 (2000) (unpublished order under Supreme Court Rule 23). We also explained that:

---

[3]The supreme court did not conduct such calculations. *Ramey*, 151 Ill. 2d at 523-25. Defendant's postconviction argument was, at best, a creative interpretation of the supreme court's opinion.

"[W]hile it is true that, in Ramey's direct appeal, the supreme court only included, in its written opinion, its analysis of the events within three specific time periods totaling 53 days, we presume that the court examined the entire record in making its determination that Ramey's counsel's failure to move for Ramey's discharge was a sound strategic decision. In fact, the court indicates, in its written opinion, that the outlined time periods were merely illustrations which supported the court's conclusion." *Id.*

Therefore, this court affirmed the dismissal of defendant's postconviction claim of ineffective assistance. However, we reversed defendant's conviction based on his claim that the State knowingly used false testimony at trial and remanded.

¶ 13 On remand, the trial court granted defendant a new trial. Following retrial in 2005, a jury again found defendant guilty of murder. On August 24, 2005, the trial court sentenced defendant to natural life in prison for murder. Defendant appealed but did not raise any claims of ineffective assistance of counsel or violation of his right to a speedy trial. This court affirmed defendant's conviction and sentence. *People v. Ramey*, No. 1-05-3664 (2008) (unpublished order under Supreme Court Rule 23).

¶ 14                                     C. Section 2-1401 Petition

¶ 15 On April 9, 2020, defendant filed a *pro se* section 2-1401 petition. Relevant here, defendant argued that "prior to the first trial in 1989, there was a statutory speedy trial violation that was fraudulently concealed by the State. Additionally, because of the speedy trial violation, the trial court was divested of jurisdiction to try [defendant]." Defendant listed 11 periods of delay that the State allegedly caused totaling 152 days. Defendant also contended that, on January 25, 1989, the State, defense counsel, and the trial court knew that the State had already violated the 120-day

speedy trial term but agreed to a 21-day extension of the term pursuant to section 103-5(f) to conceal that violation. Therefore, defendant concluded, his conviction was void as the product of fraud.

¶ 16   In support of this argument, defendant attached the trial court's written order of January 25, 1989, which found that 107 days of the speedy trial term had elapsed and extended the term by 21 days pursuant to section 103-5(f). Defendant also attached transcripts of pretrial hearings between December 26, 1986, and January 25, 1989.

¶ 17   The State moved to dismiss defendant's section 2-1401 petition pursuant to section 2-619.1 of the Code of Civil Procedure (735 ILCS 5/2-619.1 (West 2022)). The State argued that *res judicata* barred defendant's speedy trial claim because he had already raised that claim unsuccessfully on direct appeal and in postconviction proceedings. The State also contended that "all issues that could have been raised are forfeited."

¶ 18   At a hearing on the State's motion to dismiss, the circuit court explained that defendant was "way past" the time to raise a speedy trial violation and that he had forfeited that claim. Defendant argued that he had not forfeited his speedy trial claim because he "clearly established" that more than 120 days passed before the State brought him to trial, rendering "the indictment *** void." The court found that defendant could have raised his speedy trial claim earlier but did not and dismissed his section 2-1401 petition.

¶ 19   Defendant filed a motion to reconsider, but that motion did not address the speedy trial claim. The circuit court denied defendant's motion to reconsider.

¶ 20   Defendant timely appealed.

¶ 21                                II. ANALYSIS

¶ 22    On appeal, defendant contends that the circuit court erred in dismissing his section 2-1401 petition because it stated a claim that the State and the trial court violated the speedy trial statute during pretrial proceedings between December 1986 and January 1989.

¶ 23    Section 2-1401 allows a party to seek relief from a final order or judgment more than 30 days after the order or judgment's entry. 735 ILCS 5/2-1401 (West 2020). Under section 2-1401, a party may challenge a final judgment by bringing to the circuit court's attention issues of fact outside the record which, if known when the judgment was entered, would have affected the judgment. *In re Marriage of Morreale*, 351 Ill. App. 3d 238, 241 (2004). In addition, a section 2-1401 petition may bring a legal challenge to a final judgment. *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 31. To obtain relief under section 2-1401, a petitioner must allege facts showing (1) the existence of a meritorious defense or claim, (2) due diligence in presenting the defense or claim in the original action, and (3) due diligence in filing the section 2-1401 petition. *Id.* ¶ 37. We review the dismissal of a section 2-1401 petition *de novo*. *People v. Vincent*, 226 Ill. 2d 1, 18 (2007).

¶ 24    The State contends that defendant's section 2-1401 petition is untimely and that the doctrines of forfeiture, *res judicata*, the law of the case, and collateral estoppel bar his speedy trial claim.

¶ 25                            A. Timeliness

¶ 26    The State first contends that defendant's section 2-1401 petition is untimely because he filed it in 2020, more than two years after entry of the final judgment in 2005.

¶ 27    Generally, a party must file a section 2-1401 petition within two years of the entry of the challenged judgment. 735 ILCS 5/2-1401(c) (West 2020). A court cannot consider a section 2-

1401 petition filed more than two years after the challenged judgment unless there is a clear showing that the petitioner was under a legal disability or duress, or that the grounds for relief were fraudulently concealed. *People v. Pinkonsly*, 207 Ill. 2d 555, 562 (2003).

¶ 28    The trial court entered a final judgment in this case on August 24, 2005, when it sentenced defendant to life in prison for murder. See *People v. Jake*, 2011 IL App (4th) 090779, ¶ 24 (sentencing is the final judgment in a criminal case). Under the general rule, defendant had to file a section 2-1401 petition challenging that final judgment by August 24, 2007. See *Pinkonsly*, 207 Ill. 2d at 562. Defendant filed his section 2-1401 petition on April 9, 2020, more than 12 years after the limitations period expired. However, the State did not raise untimeliness in its motion to dismiss the section 2-1401 petition, so it has forfeited any timeliness objection. See *id.*; *People v. White*, 2025 IL 129767, ¶ 34; *People v. Thompson*, 2015 IL 118151, ¶ 29.

¶ 29                    B. Forfeiture and *Res Judicata*

¶ 30    The State also contends that forfeiture and *res judicata* bar defendant from raising an alleged speedy trial violation in his section 2-1401 petition.

¶ 31    Courts and parties sometimes treat forfeiture and *res judicata* as interchangeable, but they are slightly different. Forfeited claims are those that "could have been raised, but were not." *People v. Blair*, 215 Ill. 2d 427, 443-44 (2005). By contrast, "[t]he doctrine of *res judicata* bars consideration of issues that were previously raised and decided on direct appeal." *Id.* at 443. We address forfeiture first.

¶ 32    The rules of forfeiture apply to statutory speedy trial claims. *People v. Murray*, 379 Ill. App. 3d 153, 157 (2008); *People v. Derr*, 346 Ill. App. 3d 823, 827 (2004). In section 2-1401 proceedings, a defendant forfeits claims that he could have raised on direct appeal but did not.

*People v. Cathey*, 2019 IL App (1st) 153118, ¶ 22 (citing *People v. Davis*, 2014 IL 11595, ¶ 13); *People v. Morfin*, 2012 IL App (1st) 103568, ¶ 30 (citing *People v. Sanders*, 238 Ill. 2d 391, 398 (2010)).

¶ 33    Defendant's speedy trial claim is based entirely on facts that were available to him prior to his first trial and at the time of his direct appeal, both in 1989. Defendant claims that, during pretrial proceedings between December 1986 and January 1989, the State caused more than 120 days of delay in violation of the speedy trial statute. Defendant supports this claim with transcripts and court records of those proceedings, which have existed since 1989 at the latest and were available to defendant during his first direct appeal. Had defendant timely raised a direct speedy trial claim (rather than claims of ineffective assistance of counsel), the trial court or the supreme court could have decided it on the face of the record decades ago.

¶ 34    The transcript of the January 25, 1989, pretrial hearing illustrates how long ago defendant was aware of potential speedy trial issues. That transcript reflects that defendant was present in court when his counsel moved for a continuance and the State objected. The following exchange occurred:

> "[THE STATE]: "[W]e are at a stage where the Defendant has been demanding trial against the wishes of his Attorney and based on the last two court dates, it has been motion State.
>
> Right now we are at 107 or 120 in terms—
>
> [DEFENSE COUNSEL]: That is correct, Judge.
>
> [THE STATE]: And pursuant to the Statute, I am objecting. We are ready for trial.
>
> \*\*\*

THE COURT: *** [T]he Court finds that application of the Speedy Trial [statute],
103-5, Sub-Paragraph F *** is appropriate and the State would be granted *** an additional
21 days beyond the period set out in the law for commencement of the trial."

The court was referring to the subsection of the speedy trial statute that allows the court to grant the State a 21-day extension of the speedy trial term under certain circumstances. Ill. Rev. Stat. 1985, ch. 38, par. 103-5(f).

¶ 35     This transcript shows that, on January 25, 1989, defendant heard his counsel, the State, and the court discussing the speedy trial statute by its statutory number. He also heard his counsel, State, and the court agree that the State was nearing or had already reached the 120-day term to bring him to trial under the statute. In addition, the transcript suggests that defendant understood the significance of the speedy trial statute, as he had been demanding trial over his counsel's requests for continuances. There was no reason for defendant to wait until 2020 to raise a speedy trial claim.

¶ 36     Furthermore, defendant was legally able to raise the alleged speedy trial violation decades ago. The speedy trial statute was in effect during all pretrial proceedings in this case. See Ill. Rev. Stat. 1985, ch. 38, par. 103-5. Defendant could have raised the statutory speedy trial violation in a written or oral motion for new trial (see *People v. Castillo*, 372 Ill. App. 3d 11, 15-16 (2007); *People v. Prince*, 242 Ill. App. 3d 1003, 1007 (1993)), and on direct appeal if he preserved it for review (see *Prince*, 242 Ill. App. 3d at 1007; *People v. Dunskus*, 282 Ill. App. 3d 912, 917 (1996)). Defendant had the facts and the law he needed to raise the alleged speedy trial violation when he filed his direct appeal in 1989, but he did not. Therefore, defendant has forfeited his speedy trial claim in section 2-1401 proceedings. See *Morfin*, 2012 IL App (1st) 103568, ¶ 30.

¶ 37    Defendant argues that he *did* raise *a* speedy trial claim on direct appeal, thereby saving the claim from forfeiture, but it was not *this precise* speedy trial claim because his appellate counsel failed to include all dates on which the State caused delay, thereby avoiding any *res judicata* effect. Defendant contends that this court should be the first to consider his speedy trial claim on the merits, including all possible dates that might push the State over the 120-day term.

¶ 38    We decline that invitation. As explained above, defendant had access to everything he needed to raise this speedy trial claim on direct appeal in 1989, even if appellate counsel "missed" some of the delays that may have been attributable to the State.

¶ 39    It does appear that no court has decided whether the additional 45 days of delay defendant now raises were attributable to the State in violation of the speedy trial statute. In defendant's first direct appeal, the supreme court did not conduct such calculations. Rather, it found that continuing the case, possibly beyond the 120-day speedy trial term, was a sound strategic decision by trial counsel. In postconviction proceedings, this court presumed that the supreme court had considered the entire record in resolving defendant's ineffective assistance claim premised on the alleged speedy trial violation. Neither court conducted the speedy trial calculation because defendant did not ask either court to do so. Rather, he asked this court and the supreme court to decide whether his counsel rendered ineffective assistance, which both courts did. The fact that defendant chose to frame his speedy trial claim as a claim of ineffective assistance on direct appeal does not entitle him to present a "direct" speedy trial claim for the first time 36 years later.

¶ 40    The purpose of section 2-1401 is to present "new information *** that casts real doubt on the integrity of a judgment—civil or criminal." *People v. Jackson*, 2024 IL App (1st) 241356, ¶ 7.

Since January 25, 1989, no new information has come to light that affects defendant's speedy trial claim. Therefore, defendant cannot raise that claim in his section 2-1401 petition.

¶ 41    Because we find that defendant has forfeited his speedy trial claim, we need not consider the other procedural bars the State raises, such as the law of the case and collateral estoppel. The State did not raise those procedural bars in its motion to dismiss anyway. Accordingly, we affirm the dismissal of defendant's section 2-1401 petition alleging a violation of his statutory right to a speedy trial.

¶ 42                                    III. CONCLUSION

¶ 43    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 44    Affirmed.