NOTICE

Decision filed 03/06/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 240639-U

NO. 5-24-0639

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Macon County. |
| | ) | |
| v. | ) | No. 22-CF-1187 |
| | ) | |
| MANOLITO CONNER, | ) | Honorable |
| | ) | Jeffrey S. Geisler, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE SHOLAR delivered the judgment of the court.
Justices Barberis and McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held:*    Defendant waived his argument that his medications made the entering of his guilty plea not knowing or voluntary.

¶ 2    Defendant, Manolito Conner, appeals from the Macon County trial court's dismissal of his postconviction petition at the first stage. On appeal, defendant contends that the trial court erred by dismissing his petition, where defendant contends that he sufficiently pled the gist of a constitutional claim that his medications made the entering of his guilty plea not knowing or voluntary. For the reasons that follow, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4    On or about September 14, 2022, the State charged defendant by information with two counts of attempted first degree murder and one count of aggravated battery following defendant's

1

stabbing of his former romantic partner. Following admonishments from the trial court, on November 21, 2022, defendant entered an open plea of guilty to one count of attempted first degree murder with dismissal of the remaining counts.

¶ 5    On January 23, 2023, the matter proceeded to sentencing. The court asked defense counsel whether there were any corrections or additions to the presentence investigation report, and defense counsel indicated that defendant was on medication for high blood pressure, an antidepressant, and medication to "help him sleep." At sentencing, the victim testified that defendant suffered from mental health issues following the death of his child. The victim testified that she forgave defendant, and she explained that he used to be a good man.

¶ 6    Next, Janice Bush, the mental health specialist for the Macon County jail, testified. Defendant waived his right to privilege and confidentiality for the purpose of sentencing. While in the jail, defendant was placed on a suicide watch and began working with Bush. Bush did not coordinate defendant's medications. Bush testified that when she first began working with defendant, he did not "understand what was going on," but after more sessions, defendant "understood what was going on" and "seems to be more at ease and at peace with himself from before." Bush testified that defendant would benefit from ongoing mental health treatment.

¶ 7    Defendant made a statement of allocution wherein he expressed remorse for his actions and his love for his children. In mitigation, defense counsel argued that defendant's mental health drastically declined following the death of his child and the breakdown of his relationship with the victim.

¶ 8    As a factor in mitigation, the trial court expressly considered defendant's "mental health issues." The court acknowledged that he "listened to the victim in this case, that he was a good man going through some mental health issues, that she has forgiven him for this situation, basically

wants him to get treatment, that he does have children by her." However, the court noted that this was an "extremely serious situation." The trial court sentenced defendant to 14 years in prison with 3 years of mandatory supervised release for the offense of attempted first degree murder. Defendant did not file a direct appeal.

¶ 9　On January 3, 2024, defendant filed a *pro se* postconviction petition. Relevant to this appeal, defendant alleged that his guilty plea was not entered voluntarily because of the effects of his medications.

¶ 10　On February 22, 2024, the trial court summarily dismissed defendant's petition by written order. The trial court's order specifically noted that defendant did not file a motion to withdraw guilty plea or a direct appeal. The court determined that defendant's statements regarding his mental health were "conclusory because they lack any specific diagnosis." As to medications defendant took, the trial court also noted that defendant's petition and affidavit "fail to state what medications he was taking and how those medications affected his ability to knowingly and voluntarily enter the plea." As such, the trial court determined that defendant's petition failed to state the gist of a constitutional claim and dismissed the petition as frivolous and patently without merit.

¶ 11　On March 12, 2024, defendant filed a *pro se* motion to reconsider the trial court's denial of his postconviction petition. On March 13, 2024, the trial court denied the motion by docket entry. The court directed the circuit clerk to prepare a notice of appeal for defendant.

¶ 12　　　　　　　　　　　　　　II. ANALYSIS

¶ 13　On appeal, defendant contends that he sufficiently pled the gist of a constitutional claim that his medications made the entering of his guilty plea not knowing or voluntary. The State responds, noting that the trial court properly determined that defendant's petition lacked specific

3

facts about his medications, how they impacted his mental health and decision making, or how it rendered him unfit to plead guilty. For the reasons that follow, we affirm the trial court's summary dismissal of defendant's postconviction petition.

¶ 14     Under the Post-Conviction Hearing Act, there is "a three-stage process for an imprisoned person to raise a constitutional challenge to a conviction or sentence." *People v. Hatter*, 2021 IL 125981, ¶ 22 (citing 725 ILCS 5/122-1 *et seq.* (West 2016)). "At the first stage, the circuit court has 90 days to review a petition and may summarily dismiss it if the court finds it is frivolous and patently without merit." *People v. Pendleton*, 223 Ill. 2d 458, 472 (2006). A postconviction petition is frivolous or patently without merit "only if the petition has no arguable basis either in law or in fact." *People v. Hodges*, 234 Ill. 2d 1, 11-12 (2009). "A petition which lacks an arguable basis either in law or in fact is one which is based on an indisputably meritless legal theory or a fanciful factual allegation." *Id.* at 16. "An example of an indisputably meritless legal theory is one which is completely contradicted by the record." *Id.* "Fanciful factual allegations include those which are fantastic or delusional." *Id.* at 17. A trial court's first-stage dismissal of a postconviction petition is subject to *de novo* review. *People v. Swamynathan*, 236 Ill. 2d 103, 113 (2010).

¶ 15     Our review of the record demonstrates that defendant never filed a motion to withdraw his guilty plea, nor did he assert any claim before the trial court that he wished to withdraw his guilty plea. The State did not raise this issue in its response to defendant's claim. However, we may affirm the trial court's decision on any basis supported by the record. See *In re Marriage of Morreale*, 351 Ill. App. 3d 238, 241 (2004). By failing to challenge his guilty plea before the trial court, defendant waived review of his claim in a collateral proceeding.

¶ 16     Pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), defendant was required to file a timely motion to withdraw his plea in order to challenge any aspect of the plea or the

4

sentence. Any constitutional claims that arose before his plea were waived. See *People v. Ratliff*, 2024 IL 129356, ¶ 24; *People v. Jones*, 2021 IL 126432, ¶ 20; *People v. Sophanavong*, 2020 IL 124337, ¶ 33 ("Given that he waived all nonjurisdictional errors by pleading guilty, defendant should not be rewarded after standing silent all these years.").

¶ 17    Defendant's act of pleading guilty forecloses any claim of error related to whether his plea was made knowingly and voluntarily. *Sophanavong*, 2020 IL 124337, ¶ 33. " 'It is well established that a voluntary guilty plea waives all non-jurisdictional errors or irregularities, including constitutional ones.' " *Id.* (quoting *People v. Townsell*, 209 Ill. 2d 543, 545 (2004)); see also *Jones*, 2021 IL 126432, ¶ 20. "Plea agreements are contracts, and principles of waiver apply equally to them." *Jones*, 2021 IL 126432, ¶ 21 (citing *People v. Absher*, 242 Ill. 2d 77, 87 (2011)).

¶ 18    Recently, the Illinois Supreme Court in *People v. Ratliff*, 2024 IL 129356, ¶ 26, clarified that any issue not raised in a posttrial motion is "waived" on appeal. When distinguishing the difference between waiver and forfeiture, the supreme court reasoned that waiver "is never inadvertent because it is an intentional relinquishment of a right." *Id.* Because defendant failed to raise an issue claiming that his medications made the entering of his guilty plea not knowing or voluntary in a motion to reconsider or a motion to withdraw guilty plea, the trial court did not have the opportunity to address and correct any errors. Thus, defendant's omission of the claim in any postplea motions waived consideration of it on review.

¶ 19    Having reviewed the record on appeal and the arguments raised by the parties, we conclude that defendant waived his argument that his medications made the entering of his guilty plea not knowing or voluntary. Defendant's failure to file a motion to reconsider or a motion to withdraw guilty plea precludes this court from addressing the claim on appeal. Therefore, defendant waived

5

any claim related to his medications when he pleaded guilty, and he again waived any such claim when he failed to raise that issue in a postplea motion.

¶ 20                                     III. CONCLUSION

¶ 21    For the forgoing reasons, the judgment of the trial court of Macon County is affirmed.

¶ 22    Affirmed.